555 So.2d 633 (1989)
STATE of Louisiana
v.
Andre DAVIS.
STATE of Louisiana
v.
Alcides L. BELL and Andre Davis.
Nos. 88-KA-1971, 88-KA-2095.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1989.
Dwight Doskey, New Orleans, for appellants.
Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., for appellee.
Before CIACCIO, WILLIAMS and BECKER, JJ.
CIACCIO, Judge.
On December 15, 1987, defendants Alcides Bell and Andre Davis were charged by two bills of information with possession of cocaine and possession of marijuana. *634 They were arraigned on January 5, 1988 and pled not guilty. Defendants filed motions to suppress which were denied on January 29, 1988.
On April 25, 1988, a six member jury found both defendants guilty of attempted possession of cocaine in violation of La.R.S. 40:967. On April 27, 1988, defendant Davis pled guilty to the marijuana charge reserving his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The marijuana charge was nolle prosequied as to defendant Bell.
Defendants were sentenced on the cocaine conviction to six months in parish prison, credit for time served, suspended, six months inactive probation, $100 in fines and, as to Davis only, $155 in court costs or thirty days in default. Court costs for Bell were waived because of his indigency. Defendant Davis was sentenced on the marijuana conviction to one month in parish prison, suspended, inactive probation, $100 in fines and $155 court costs or thirty days in default. The defendants then moved for an appeal.
At the outset, we note that under the provisions of the Louisiana Constitution, article 5, section 10, this court does not have appellate jurisdiction over the marijuana conviction as to Davis as it is a misdemeanor which is not triable by jury. Accordingly, Davis' appeal of the marijuana conviction is hereby transferred to the Appellate Division of Criminal District Court.
Our sole consideration by this appeal, then, is the defendants' convictions for attempted possession of cocaine.
Testimony presented at trial reveals the following:
Officer Octave LaRoche testified that on November 2, 1987 at 8:30 p.m. he and Officer Simon Hargrove were driving in the 4200 block of South Roman Street, a quiet residential neighborhood, when they heard loud music coming from a parked car. The officers circled the block and stopped immediately behind the car to ask the occupants to lower the music.
Upon exiting the police vehicle, the officers observed defendant Davis, the owner of the vehicle, seated in the driver's seat with his door open and defendant Bell seated in the passenger seat of the vehicle. Officer LaRoche asked Davis to turn the music down and for identification. Officer LaRoche then observed a tightly-wrapped white package which he believed to be cocaine on the console of the car. He then ordered the occupants out of the car and placed them under arrest. At trial, it was stipulated that the package retrieved from the car by Officer LaRoche was in fact cocaine.
We have reviewed the record for any errors discoverable by an inspection of pleadings and proceedings and without inspection of the evidence and have found none.
By their first assignment of error, defendants assert that the search of the vehicle and seizure of the cocaine were illegally made. The search and seizure of this evidence was made without a warrant as required by the Fourth Amendment of the U.S. Constitution and the Louisiana Constitution, article 1, section 5 (1974). In such case, the burden is on the state to show that a search is justified by some exception to the warrant requirement. State v. Franklin, 353 So.2d 1315 (La. 1977). The state argues that the plain view exception to the warrant requirement applies to the circumstances in this case. We agree.
Evidence may be seized under this exception when the following requisites are met:
(1) That there be a prior justification for police intrusion into a protected area;
(2) That the evidence be discovered inadvertently;
(3) That it be immediately apparent, without close inspection, that the items are evidence or contraband.
State v. Pomes, 376 So.2d 133, 135 (La. 1979).
In the instant case, the first requirement is easily met as the officers were lawfully present when they were investigating loud music coming from defendant's car which was parked along a public street. Secondly, *635 Officer LaRoche testified at trial that he was able to see inside the car because the driver's door was open, the dome light in the car was lit, and the lights from his police vehicle were shining into the car. From where the officer was standing, he noticed the tightly-wrapped white package which, from his experience, he believed to be cocaine. The record supports the finding that this evidence was discovered inadvertently and therefore the second requirement has been met.
Appellant relies on this court's opinion in State v. LaBranch, 541 So.2d 256 (La.App. 4th Cir.), writ denied, 546 So.2d 1211 (La. 1989) to support his contention that the third prong of the plain view exception to the warrant requirement has not been met. Appellant argues that the police officer only saw a package in the vehicle, the contents of which were not in plain view.
However, in State v. Hall and Steele, 555 So.2d 495 (La.App. 4th Cir.1989), this Court, relying on the reasoning enunciated in Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), overruled our previous holding in LaBranch insofar as it held that individual foil packets in a clear plastic jar which the arresting officer knew from his experience to be customary packaging for narcotics were not "immediately apparent" so as to justify a warrantless search.
Officer LaRoche testified that from his experience, he recognized the tightly-wrapped white package as a commonly used method of packaging cocaine. Based on Officer LaRoche's personal experience, there was probable cause to believe that the tightly-wrapped white package contained contraband. Thus, the third and last prong of the plain view doctrine has been satisfied.
We conclude that the state met its burden in proving the search was legal under the plain view exception to the warrant requirement. This assignment is without merit.
By the second assignment, defendant Bell challenges the sufficiency of the evidence presented against him. Our standard of review is whether viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The contraband in this case was found on the console of Davis's car between the driver and passenger seats. The drugs were plainly visible so that Officer LaRoche was able to notice them while standing on the outside of the vehicle.
To support a conviction for possession of a controlled dangerous substance in violation of La.R.S. 40:967, the state must prove that the defendant was (1) in possession of the illegal drug, and (2) that he knowingly possessed the drug. The state need not prove that a defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Walker, 514 So.2d 602 (La.App. 4th Cir.1987).
The mere presence of the defendant in the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession is insufficient to constitute possession. State v. Trahan, supra; State v. Johnson, 404 So.2d 239 (1981), cert. denied, by Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (U.S.La.1982). However, a person found in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control, or if the person is in joint possession of drug which is in the physical possession of a companion, if he willfully and knowingly shares with the other the right to control of the drug. State v. Trahan, supra; State v. Walker, supra. We have no difficulty in concluding that Bell had dominion and control over the cocaine which was located on the console next to his seat in such open view that it was plainly visible to someone standing outside of the car. Considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that Bell *636 was in contructive possession of the cocaine. This assignment of error has no merit.
By their next assignment, defendants contend that it was error for the trial court to sentence defendants to jail time in default of payment of court costs because of their indigency. The record indicates that defendant Bell who was represented by the Orleans Indigent Defendant Program was not sentenced to jail time in default of payment of a fine. We also find that defendant Davis was represented at trial by private counsel, and although he is represented by OIDP on appeal, there has been no showing that Davis was indigent throughout the proceedings. This assignment has no merit.
By a final assignment, defendant Bell argues that the trial court erred in refusing to examine evidence of a statement allegedly made by defendant Davis which exculpated Bell. Defendant contends that the State sought to introduce the statement at trial, but was prevented from doing so because it had not been previously revealed. Following the trial, defendant Bell sought to have this statement, which he believed to be exculpatory as to him, examined by the court at a motion for new trial or motion for post verdict acquittal.
Defendant argues that the statement is newly discovered evidence, and as such is grounds for a new trial under La.C.Cr.P. article 851. In order for the defendant to succeed on this motion, he must prove two things: (1) that the evidence was not discoverable before or during trial despite the exercise of reasonable diligence; and (2) that the evidence, if it would have been available at trial, probably would have changed the verdict. State v. Pittman, 428 So.2d 979, 984 (La.App. 1st Cir.1983), writ denied, 433 So.2d 155 (La.1983) and cert. denied, Pittman v. Louisiana, 464 U.S. 836, 104 S.Ct. 122, 78 L.Ed.2d 120 (1983).
On April 27, 1988, during the hearing on the motion for new trial, the trial court refused to grant a new trial or to re-open the proceedings, in order to determine whether the state had failed to disclose exculpatory material to this defendant. Immediately thereafter, on the same date, during the Boykinization of defendant Davis on his guilty plea on the marijuana charge, counsel for Bell was allowed to question Davis as to the existence of an exculpatory statement. At this time, defendant Davis, on the record, denied under oath that he had given any statement that the contraband did not belong to defendant Bell. Under these circumstances, we find that the trial court did not abuse its discretion in denying Bell's motion for new trial or motion for post-verdict acquittal. This assignment lacks merit.
For the foregoing reasons, defendants' convictions on the cocaine charge are affirmed.
MISDEMEANOR APPEAL TRANSFERED; CONVICTIONS AFFIRMED.