583 So.2d 137 (1991)
STATE of Louisiana
v.
Kenneth E. GREATHOUSE.
No. 90-KA-0923.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 1991.
Harry F. Connick, Dist. Atty., Martin Melton, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before BYRNES, ARMSTRONG and BECKER, JJ.
BECKER, Judge.
The defendant, Kenneth Greathouse was charged by bill of information with simple possession of cocaine, a violation of L.S.A.-R.S. 40:967. Defendant entered a not *138 guilty plea at arraignment. A motion to suppress the evidence was held and the court denied the motion. Thereafter, the defendant withdrew his former plea of not guilty, and entered a plea of guilty reserving his right to appeal the court's ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was then sentenced to serve one (1) year at hard labor with credit for time served.
On December 2, 1989 Officer Wayne Cressioni and his partner set up surveillance of a house at Alvar and Burgundy Streets. The officers did so because of information that cocaine was being sold from the house. While the officers watched, they observed several apparent narcotic transactions in which a person would go onto the porch of the house, meet a person from inside, an exchange would occur, and the buyer would leave.
During the course of their surveillance, the officers observed the defendant arrive as a passenger in a car. The defendant walked to the house and up to the door. A person came out from the house, and a brief exchange occurred. As the defendant was walking back to the car, he stopped underneath a high intensity street light and opened his hand to examine its contents. When the defendant got back into the car, the officers decided to follow and try to do a "take down."
The officers followed the vehicle to Dauphine and Esplanade where the defendant got out of the car and went to a convenience store. He walked up to the door and tapped on the glass. The defendant motioned to someone in the store and showed them something in his right hand. The officers then approached the defendant and two other people; the defendant still had an object in his right hand. The officers placed all three of the individuals on the wall to be frisked. Officer Cressioni saw the defendant put his right hand into his right front pants pocket.
The officer proceeded to frisk the defendant but did not feel anything in his pocket. After interviewing all three subjects, Officer Cressioni told the defendant he could step away from the wall. As the defendant did so, a black 35 millimeter film canister came rolling out of his right pants leg onto the ground. The officer saw a small piece of plastic protruding out from under the cap of the film canister. He then retrieved the canister, opened it, and found what appeared to be 15 bags of cocaine. The defendant was placed under arrest and advised of his rights.
After the defendant's arrest, Officer Cressioni discovered that the defendant's right front pants pocket did not have a bottom. The officer subsequently seized the pants as evidence. Also, while looking for identification in the defendant's wallet, a marijuana cigarette was found.
A review of the record for errors patent reveals that there are none.
By his sole assignment of error the defendant contends the trial court erred in denying his motion to suppress the evidence. Appellant submits that the officers had reasonable grounds to make an investigatory stop of the defendant, but argues that Officer Cressioni had no legal basis for opening the film canister which contained the contraband.
In this regard, the appellant argues that the two possible exceptions to the warrant requirement which could conceivably fit these facts do not apply. The two exceptions discussed by appellant are a search incident to an arrest and plain view.
The appellant's argument that the seizure of the canister was not incident to an arrest is well-founded. The testimony of Officer Cressioni supports the finding that he had released the defendant from the temporary detention involved in the stop and frisk. There was no testimony from the officer which would support a finding that the defendant was in custody at the time the canister was discovered.
The other theory to support the warrantless search and seizure of the canister which the appellant seeks to refute is "plain view". Briefly, the appellant's argument is based on the concept that the canister was not "inherently criminal" and that it was not immediately apparent without *139 closer inspection that the item seized was either evidence or contraband.
"Plain view" is not itself an exception to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Parker, 355 So.2d 900 (La.1978). Simply because an item is in "plain view" does not give a police officer justification to seize that item. Three requirements must be satisfied for a warrantless seizure to fall under the plain view doctrine:
(1) that there be prior justification for police intrusion into a protected area;
(2) that the evidence be discovered inadvertently;
(3) that it be immediately apparent, without close inspection, that the items are evidence or contraband.
Coolidge v. New Hampshire, supra; State v. Rodriguez, 396 So.2d 1312 (La.1981); State v. LaBranch, 541 So.2d 256 (La.App. 4th Cir.1989) writ denied 546 So.2d 1211 (1989); State v. Hall, 555 So.2d 495 (La. App. 4th Cir.1989).
Recently the United States Supreme Court held that although inadvertence is a characteristic of most "plain view" seizures, it is not a necessary condition under the Fourth Amendment. Horton v. California, ___ U.S. ___, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). Inadvertent discovery is not an issue in the present matter.
In the instant case the first requirement is not at issue either. The officer had reasonable suspicion to stop the defendant, a fact which the appellant has conceded. The only requirement at issue is whether it was immediately apparent, without closer inspection, that the item was evidence or contraband.
In State v. Pomes, 376 So.2d 133 (La. 1979), the Supreme Court held that the seizure of a foil-wrapped package containing a grass-like substance and three tablets wrapped in foil with the word "Quaalude" on the foil was not legal under the plain view exception. The foil-wrapped package could not in itself be considered contraband because the police officer had to open the package before he could determine that it contained narcotics.
After Pomes was decided, Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) held that the plain view exception did not require a police officer to actually know that the object to be seized was contraband. In Brown, a green balloon tied off at one end was observed by an officer in the course of a routine traffic stop. As the defendant reached into his glove compartment, the officer saw more balloons and glass vials containing a white powder. The officer ordered the defendant out of his car, and the officer seized the green balloon and felt a powdery substance inside the tied-off section. The United States Supreme Court held that the seizure of the balloon was not a violation of the Fourth Amendment and fell within the plain view exception.
In State v. Hall, supra, this Court considered the effect of Brown on Pomes. In doing so, the Court discussed the third prong of the plain view exception in Brown as follows:
The Court explained that the use of the phrase "immediately apparent" was an "unhappy choice of words." "Immediately apparent" requires only that the officer have probable cause [to believe] that the items in question are contraband. The Court cited Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) in stating the rule that "the seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity."

[Emphasis in original]. Hall, at 498.
This Court further noted that the Louisiana Fifth and Second Circuits had adopted this more flexible standard for construing the plain view doctrine. The Court then adopted the Brown standard in the Fourth Circuit, expressly overruling State v. LaBranch, supra, to the extent it differed. Hall, at 499. See also State v. Davis, 555 So.2d 633 (La.App. 4th Cir.1989), writ granted 561 So.2d 108 (1990), affirmed in part and reversed in part, State v. Bell, 566 So.2d 959 (La.1990).
*140 Applying the Brown standard to the facts of this case, it is clear that the third prong of the "plain view" exception has been met. Officer Cressioni had observed the defendant make what appeared to be a narcotics buy. The defendant then went to another location and gave indications that he intended to sell the narcotics he had obtained. The officer saw defendant place his hand in his right front pocket; the container rolled out from defendant's right pants leg. A piece of plastic protruded from the top, indicating that the canister contained something other than film.
There was, therefore, probable cause for the officer to believe that the canister and its contents were associated with criminal activity. Thus the third prong of the "plain view" doctrine was met. This assignment of error is without merit.
Accordingly, the defendant's conviction and sentence is affirmed.
AFFIRMED.