JOHN A. PATIN, Judge Pro Tem.
Defendant, Kevin A. Perrot, was charged by bill of information with third offense possession of marijuana in violation of La. R.S. 40:966. The defendant was arraigned on November 16, 1990, and pled not guilty. After the denial of defendant’s motion to suppress on March 19, 1991, he entered a guilty plea reserving his right to appeal under State v. Crosby, 338 So.2d 584 (La.1976). Subsequent to a presentence investigation, the defendant was sentenced on June 25, 1991, to four (4) years at hard labor concurrent with any other sentence he may be serving. Defendant seeks review based on two (2) assignments of error.
On August 29, 1990, agents for the Lafayette Metro Narcotics Agency, Deputies John Babin and Vance Olivier were patrolling high crime areas in the parish, with the specific purpose to target street level drug activities. The agents were dressed in street clothes, but wearing tee-shirts marked “Lafayette Metro Narcotics” in bold white letters across the back, and were in a marked Sheriff’s unit.
At approximately 10:40 p.m. while traveling on Martin Luther King Drive near the intersection with St. Antoine Street, the agents observed a black male, identified as the defendant, leaning into the driver’s window of a vehicle which was parked on the lot of a closed lounge situated at the intersection. The defendant, with his hands in the vehicle and his head partially in the vehicle, appeared to possibly be handing something to another person in the vehicle. The agents, suspicious that they had observed a hand to hand drug transaction, drove towards the defendant. The defendant at that point looked up, and upon observing the police unit backed away from the vehicle, whereupon the vehicle left the scene. The defendant then turned and walked away from the agents and towards the rear of the closed lounge.
Agent Babin exited the police unit and circled the lounge on foot while Agent Olivier went in the other direction in the police unit. Agent Babin reached the defendant first, and indicated the following occurred:
“I asked him to stop so I could talk to him, at which point he did. While I was *807 talking to him I observed a small cellophane bag sticking out of his pants ... I then reached down, removed the bag, and found it contained a green leafy substance”
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, the defendant contends the trial court erred in denying his motion to suppress the marijuana seized from him because the police had no articulable knowledge of particular facts to justify reasonable suspicion to “stop” or “frisk” the defendant.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.C.Cr.P. art. 215.1 as well as both state and federal jurisprudence. An officer may stop a person with less than probable cause for arrest if he has specific and articulable facts to suspect possible criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The validity of the investigatory stop depends on whether the officer has adequate articu-lable knowledge of particular facts, enough to warrant infringement on the person’s constitutional right to be left alone. State v. Sky, 373 So.2d 145 (La.1979).
However, in the case of State v. Neyrey, 383 So.2d 1222 (La.1979) the Louisiana Supreme Court stated that the suspicion requirements of La.C.Cr.P. art. 215.1, Article I, Section 5 of the Louisiana Constitution and the Fourth Amendment of the U.S. Constitution are necessary only when the stop is forcible. “Police officers do not need probable cause to arrest, or reasonable cause to detain, in order to converse with its citizens.” State v. Shy, supra. In Neyrey, supra, the officer approached a parked car that was blocking a driveway to an apartment. The officers testified no reasonable suspicion concerning commission of a crime existed. The defendant was inside the car passed out. Officers awakened him and asked him to leave at which time he passed out again. The officers then asked him to exit the car and, in complying, a bag of cocaine fell from defendant’s lap. The court held there was no forcible detention as defendant was free to leave at any time. Therefore, the reasonable suspicion standard did not apply.
Furthermore, as long as the person to whom questions are put remains free to disregard questions and walk away, there has been no intrusion upon that person’s liberty or privacy as would require some particularized and objective justification under the fourth amendment. See State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Lanter, 391 So.2d 1152 (La.1980); State v. Duplessis, 391 So.2d 1116 (La.1980).
In United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), the United States Supreme Court concluded that a person has been “seized” within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave. In making this conclusion, the Supreme Court agreed with the District Court that the subjective intention of the DEA agent to detain the defendant, had she attempted to leave, is irrelevant except insofar as that may have been conveyed to the respondent.
The officers had reasonable articu-lable suspicion sufficient to stop the defendant in light of the fact that Officer Babin observed what he thought could possibly be a hand to hand drug transaction. Additionally, the defendant demonstrated suspicious behavior by immediately leaving the scene when he saw the marked unit approaching.
Deputy Babin testified that the clear cellophane bag protruding out of the defendant’s pocket was of the type commonly used to wrap marijuana. He stated that the bag was sticking out of the defendant’s pocket about an inch and a half to two inches. After he saw the bag he reached down, removed the bag, and found that it did in fact contain a green leafy substance.
Thus, the issue becomes whether or not the cellophane bag was lawfully seized. The officer was not justified in performing *808 a patdown search of the defendant as he testified that he did not suspect that the defendant had a dangerous weapon. However, the state argues that the cellophane bag should be admissible as it was in the “plain view” of the deputy who had lawfully stopped the defendant.
The Louisiana Supreme Court clarified the law on “plain view” in State v. Parker, 355 So.2d 900 (La.1978). The court stated that “plain view” was not an exception to the requirement that a search or seizure must be supported by a warrant issued by a magistrate upon a finding of probable cause. “Plain view serves to provide a means of securing probable cause, and absent the applicability of one of the true exceptions to the warrant requirement, nothing more.” The court maintained that without a warrant, a seizure of material in “plain view” would be in violation of the Fourth Amendment of the U.S. Constitution and Article 1 Section 5 of the Louisiana Constitution, unless made with probable cause and exigent circumstances, or incident to lawful arrest while making a genuine inventory.
To determine if evidence can be classified as being in “plain view” the court has fashioned criteria that must be met by an officer who wants to use this as a prelude to seizure without a warrant. In State v. Pomes, 376 So.2d 133, 135 (La.1979), the court established the following factors:
(1) That there be a prior justification for police intrusion into a protected area;
(2) That the evidence be discovered inadvertently;
(3) That it be immediately apparent, without close inspection, that the items are evidence or contraband.
Recently the United States Supreme Court held that although inadvertence is a characteristic of most “plain view” seizures, it is not a necessary condition under the Fourth Amendment. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). Inadvertent discovery is not an issue in the present matter.
In State v. Hall, 555 So.2d 495 (La.App. 4th Cir.1989), writ denied, 577 So.2d 44 (La.1991), the Fourth Circuit held that the plain view doctrine permitted police officers to seize contraband in a motel room without a warrant where the police officers were justified in their intrusion into the hotel room, discovery of the contraband was inadvertent, and the police officer knew, from his experience, that the foil packets which he saw were a commonly used method of packaging narcotics. The court relied on the reasoning enunciated in Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).
In his brief, defense counsel erroneously relies on a Fourth Circuit case, State v. LaBranch, 541 So.2d 256 (La.App. 4th Cir.1989), writ denied, 546 So.2d 1211 (La.1989), in arguing that the evidence was improperly seized as it was not immediately apparent, without closer inspection, that the cellophane bag contained contraband. In Hall, supra, the Fourth Circuit expressly overruled its prior decision in LaBranch, supra, insofar as it was inconsistent with its opinion.
In the instant case, pursuant to Deputy Babin’s personal experience, there was probable cause to believe the cellophane bag contained contraband. Thus, the third and last requirement of the plain view doctrine was satisfied and the seizure of the evidence was proper.
For the foregoing reasons this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
The defendant asks this court to review all errors patent on the face of the record. After a careful review of the record as directed by La.C.Cr.P. art. 920(2) we find no errors patent on the face of the record.
This assignment of error is without merit.
For the foregoing reasons the ruling of the lower court is affirmed.
AFFIRMED.