liSCHOTT, Chief Judge.
On the application of the State of Louisiana we grant certiorari in order to consider the validity of a judgment of the trial court granting defendants’ motion to suppress crack cocaine found on his person. Defendant was given an opportunity to respond to the application, but failed to do so. We reverse.
The facts as testified to by one of the arresting officers are uncontradicted. On the afternoon of October 12, 1994, police officers on patrol observed the defendant Albert Stokes walking in the middle of Treme Street near the corner of Governor Nieholls Street. They also saw two other men walking in the middle of the street a few feet from Stokes. As the officers watched, they saw Stokes bend down as if to tie his shoe, and they saw him remove a clear plastic bag from his pocket. At this point the officers were just seven feet from defendant. As one of the officers approached the defendant and called to him, the defendant placed the bag in his sock. Based upon his experience the officer thought it might have been *1216 cocaine because of the way it was packaged. The officer frisked the defendant and found the bag, which contained several pieces of crack cocaine. The defendant was arrested, advised of his rights, and taken to a police station. There, in response to questioning about any other contraband in his possession, the defendant removed his shoe and produced another clear plastic bag containing more cocaine. The defendant then asked the 'officers not to arrest him because he was already on probation.
The officers had probable cause to suspect that the bag contained cocaine, thus giving them probable cause for the defendant’s arrest. This cocaine was in plain view of the ^officers before defendant put it into his " sock. In State v. Tate, 623 So.2d 908, 917-918 (La.App. 4th Cir.1993), writ den. 629 So.2d 1126 and 1140 (1993), this court stated:
This issue of whether distinctive packaging is sufficient to allow an officer to “immediately recognize” contraband was discussed at length by this court in State v. Greathouse, 583 So.2d 137, 139 (La.App. 4th Cir.1991). In Greathouse, the officers had established a surveillance based upon a tip from an informant that drugs were being sold from a particular house. The officers observed several apparent drug transactions and then observed what they believed was a drug transaction between the defendant and someone on the porch of the house. The defendant was followed and eventually stopped. After a frisk of the defendant and his companions, the officers observed a black film canister roll out his pant leg. A piece of plastic was protruding from the top of the canister. The officers retrieved the canister, opened it, and found it contained cocaine. This court upheld the seizure under the plain view exception, finding that the officers’ observations of the possible drug transaction, coupled with the piece of plastic protruding from the top of the canister, gave the officers probable cause to believe that the canister did not contain film and instead contained drugs. Greathouse, id. at 140.
Likewise, in State v. Hall, 555 So.2d 495, 497 (La.App. 4th Cir.1989), writ den. 577 So.2d 44 (1991), as the officer was entering a hotel room, someone tried to close the door on him, and he heard someone yell to “get rid of the s_” and heard a toilet flushing. When he eventually entered he saw a plastic bag containing tinfoil packets sticking out of a nightstand drawer. Based upon the room’s occupants’ actions and the officers’ knowledge of drug packaging, this court found the tinfoil packets were lawfully seized pursuant to the plain view exception to the warrant requirement.
In Tate, this court found that brick-like objects wrapped in brown paper were “immediately apparent” to police officers as cocaine. In the present case the officers saw the package from seven feet away and they knew from their experience that it probably contained crack cocaine.
Accordingly, the judgment granting defendant’s motion to suppress is reversed and set aside and the motion to suppress is denied. The case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.