liWALTZER, Judge.
Kevin Wilson seeks reversal of the trial court's refusal to suppress evidence discovered and seized by the police from his vehicle in the absence of consent to search the vehicle.

STATEMENT OF THE CASE

Defendant, Kevin R. Wilson, was charged by bill of information with possession of between twenty-eight and 200 grams of cocaine, a violation of La.R.S. 40:967(F)(1). Defendant was arraigned on 2 December 1996 and entered a plea of not guilty. A hearing on defendant’s motion to suppress the evidence was conducted on three separate days, 10 January 1997, 17 January, 1997 and 30 January, 1997. On 4 March, 1997, the district court denied the motion to suppress. On 7 April, 1997, defendant withdrew his former plea of not guilty and entered a plea of guilty to a reduced charge of possession of cocaine with intent to distribute, a violation of La. R.S. 40:967(B)(1). Defendant reserved his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). On that same day, defendant was sentenced to serve five years at hard labor with credit for time served.

STATEMENT OF THE FACTS:

Officer Joseph Williams testified that he participated in the arrest of defendant. With him at the time of defendant’s arrest was Sergeant Warren Keller. He and Sergeant Keller were members of the Seventh District narcotics Rforce. They were working with members of the main narcotics force who had obtained a search warrant for defendant’s apartment. It was his' duty and that of Sergeant Keller to assist the members of the main narcotics force in executing the warrant. He testified that when the officers went to execute the warrant, they observed defendant leaving the premises in a vehicle. He and Sergeant Keller stopped defendant at the intersection of 1-10 Service Road and Bullard Ave. He approached the front passenger side door. When he opened the door to order defendant to exit the vehicle he observed defendant discard something behind a baby seat in which was seated a small *712 child. From the outside of the back door the object, a small, clear plastic bag, could be seen on the floorboard of the vehicle. The object was recovered. It was a clear plastic bag containing cocaine. Defendant was advised of his rights and placed under arrest. Defendant indicated he understood his rights. In addition, a nine millimeter handgun was found between the front console and the baby’s seat.
Defendant was also advised that a warrant had been obtained to search his apartment. Within approximately ten minutes, the officers transported defendant back to his apartment to execute the warrant. Once inside the apartment the officers discovered that the bedroom door was locked. Defendant identified the room as his bedroom and identified the key to the door on his key ring. The bedroom was searched. Officer Williams testified the search revealed two leather jackets. Inside one of the jackets were found forty-four grams of crack eoeaine, and in the other jacket were found $441.00, several small ziploc bags and a small gram scale. Officer Williams stated that defendant was listed on the apartment lease.
On cross-examination, Officer Williams testified the warrant was not in his or Sergeant Keller’s possession when they conducted the vehicle stop of defendant. Detective Robertson was in possession of the warrant, and he took it to the scene Igof the stop. He stated Detective Robertson relocated to the residence with the warrant before the warrant was executed. He testified defendant’s roommate was not arrested. He described the vehicle defendant was driving as a Toyota 4 Runner which was described in the warrant, after defendant used it to make deliveries of drugs ordered via telephone or beeper. He stated he and the other officers did not take the warrant with them because Detective Robertson was going to meet them before the warrant was executed.
Detective Warren Keller, Jr. testified he participated in the arrest of defendant. He also stated he conducted an investigation into defendant’s activities. As part of that investigation, he obtained a search warrant for 12151 1-10 Service Road, Apt. 120. The apartment was leased by defendant and Daniel Bright. He stated the warrant was authorized by Judge Harris of the Magistrate Court on 20 August, 1996 at 6:30 p.m.[1] The warrant was executed on 20 August, 1996. Detective Keller testified he and Detective Robertson had received information from a confidential informant that defendant and a man named Charles Mushat were distributing crack cocaine from 12151 1-10 Service Road, Apt. 120. The informant told the officers customers would contact defendant either by telephone or beeper, and the cocaine would be delivered either by defendant or Mushat in a Toyota 4 Runner. After receiving this information, the officers set up a controlled buy using the confidential informant. The officers drove the informant to an area near defendant’s apartment. The informant placed a telephone call to defendant. Defendant and the informant agreed to meet at a certain location to complete the transaction. A short time later, defendant arrived at the location in a Toyota 4 Runner. After the buy, the informant turned the substance that was ^purchased from the defendant over to the police. The substance tested positive for crack cocaine. Using this information, the search warrant was obtained.
Detective Keller stated he prepared the return of the warrant. He testified 44.39 grams of while powdered cocaine, 4.11 grams of crack cocaine, $441.00, a small scale, numerous small plastic bags, one cellular telephone with a battery and charger, one set of keys, one box of sandwich bags, one Motorola pager, one money order in defendant’s name, two nine millimeter magazines and sixteen nine millimeter cartridges were seized from defendant’s apartment.
On cross-examination, Detective Keller testified he did not witness the controlled buy but was in the area. He stated he participated in the search of defendant’s apartment along with several other officers. He testified Detective Robertson was already on the scene when he arrived. He also stated Detective Robertson brought the search warrant to the vehicle stop of defen *713 dant, presented it to defendant, and advised defendant the search of his apartment was authorized by the warrant. Detective Keller stated the search of the apartment had not already begun when he arrived. He stated the controlled buy took place on the same day the warrant was issued, 19 August, 1996. He testified he and Detective Robertson prepared the application for the warrant.
Detective Jeffrey Robertson testified he was assigned to the narcotics division of the NOPD, and he participated in the arrest of defendant. He stated he had received information from a confidential informant concerning defendant. Subsequently, a controlled purchase of drugs was made by the informant from defendant. Based on that controlled purchase, he obtained a search warrant for defendant’s apartment. When the officers were getting in position, they observed defendant leaving the apartment premises in a vehicle. Sergeant Warren Keller of the follow-up unit conducted an investigatory stop of the vehicle and detained defendant prior to executing the warrant. Detective Robertson testified defendant Ifiwas the target of the investigation, and he was detained in order to serve him with the warrant. He stated that after some contraband and a weapon were found under a baby’s seat in defendant’s car, the officers arrested defendant and relocated to the apartment to execute the warrant. Cocaine was found inside a jacket in defendant’s bedroom closet. The bedroom door was locked. A key was taken from defendant’s key ring and used to open the bedroom door.
On cross-examination, Detective Robertson testified he observed the controlled purchase of cocaine from defendant to the informant. He stated that he believed the apartment was a one bedroom apartment. He testified defendant had the key which was used to unlock the bedroom door.

ERRORS PATENT:

A review of the record for errors patent reveals none.

DISCUSSION:

By his sole assignment of error, defendant asserts the cocaine and the weapon seized from his car should have been suppressed because the officers illegally searched his vehicle without a warrant. Specifically, defendant argues that the search warrant mentions a grey Toyota 4 Runner but the warrant only authorizes a search of the premises at 12151 I — 10 Service Road, Apt. 120. However, the evidence was not seized pursuant to the warrant; instead the evidence was seized after its discovery in plain view when defendant was stopped by the officers.
The initial inquiry is whether the officers had reasonable suspicion to stop defendant, order him out of his vehicle and detain him.
The authorization for an investigatory stop by a police officer is set forth in C.Cr.P. art. 215.1, which provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is | (¡about to commit an offense and may demand of him his name, address, and an explanation of his actions.
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Guy, 575 So.2d 429 (La.App. 4 Cir.), writ den. 578 So.2d 930 (1991); State v. Smith, 573 So.2d 1233 (La.App. 4 Cir.1991), writ den. 577 So.2d 48 (1991); State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990); State v. Jones, 483 So.2d 1207 (La.App. 4 Cir.), writ den. 488 So.2d 197 (1986). As this court noted in Johnson;
“Reasonable suspicion” is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each ease to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Jones, Id. Mere suspicion of activity is not a sufficient basis for police interference with an individual’s freedom. State v. Williams, 421 So.2d 874 (La.1982).
Johnson, at 1033. See also Guy; Smith.
The detaining officer must have artic-ulable knowledge of particular facts to justify the infringement on the individual’s right to be free from government interference. State v. Williams, 421 So.2d 874 (La.1982). Based upon the totality of the circumstances, the *714 detaining officers must have a particularized and objective basis for suspecting the individual of criminal activity. U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).
It is well settled that a search conducted without a warrant is per se unreasonable, subject only to a few specifically established and well delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tomasetti, 381 So.2d 420 (La.1980). One of those exceptions is a search incident to a lawful arrest made of a person and the area in his immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Tomasetti, at 423. A search incident to a lawful arrest extends to the arrestee’s automobile |7when the arrestee remains in close proximity to the automobile. State v. Drott, 412 So.2d 984 (La.1982).
In order for a warrantless seizure to fall under the “plain view” doctrine, there must be a prior justification for police intrusion into a protected area; the evidence was discovered inadvertently; and, it must be immediately apparent, without close inspection, that the item is evidence or contraband. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Hall, 94-2051 (La.App. 4 Cir. 3/16/95); 652 So .2d 1086. The requirement of inadvertent discovery is no longer necessary. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). “Immediately apparent” requires that the officer have probable cause to believe an item was contraband. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); State v. Greathouse, 583 So.2d 137 (La.App. 4 Cir.1991). However, if the officer lacks probable cause to believe that an object in plain view is contraband without conducting some further search of the object because its incriminating character is not immediately apparent, the plain view doctrine cannot justify its seizure. Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).
In the instant ease, the officers had reasonable suspicion to believe that defendant was engaged in criminal activity. The day before defendant was stopped, he engaged in a drug transaction with the confidential informant. Defendant arrived at the location of the drug transaction in a Toyota 4 Runner, the same type of vehicle he was driving when he was stopped. Thus, the officers were justified in stopping defendant and requesting that he exit the vehicle. As Officer Williams approached the front passenger door of the vehicle, he observed defendant throw something behind the baby’s seat. The object, a small, clear, plastic bag fell onto the floorboard of the vehicle and was clearly visible from outside the vehicle. Because defendant was known to the police to have engaged in distributing crack cocaine, the officers had probable cause to believe the small, ladear plastic bag contained contraband. Thus, the incriminating character of the small, clear plastic bag was immediately apparent. The seizure of the cocaine was legal. Once defendant was arrested for possession of the cocaine, the officers had a right to search the vehicle for weapons because defendant was in close proximity to the vehicle. The seizure of the weapon was legal.
This assignment of error is without merit.

CONCLUSION:

There is no error in the district court’s denial of defendant’s motion to suppress the evidence. We affirm defendant’s conviction and sentence.
AFFIRMED.

. However, the warrant reveals that Magistrate Harris issued it on 19 August 1996, at 6:30 p.m.