566 So.2d 959 (1990)
STATE of Louisiana
v.
Alcides BELL and Andre Davis.
No. 90-K-0220.
Supreme Court of Louisiana.
September 19, 1990.
Dwight Michael Doskey, New Orleans, for defendant/applicant.
William J. Guste Jr., Harry F. Connick, New Orleans, Valentin Michael Solino, River Ridge, Jack Peebles, New Orleans, for plaintiff/respondent.
PER CURIAM.
Although satisfied that relators' applications disclosed no error as to Andre Davis, we granted this writ and set it for argument in order to determine whether the state presented sufficient evidence to support the jury's conviction of both men for attempted possession of cocaine in violation of La.R.S. 14:27; 40:967. State v. Davis, 555 So.2d 633 (La.App. 4th Cir.1989), writ granted, 561 So.2d 108 (La.1990). As to Alcides Bell, we now reverse.
The evidence at trial showed that on the evening of November 2, 1987, Davis and Bell occupied the front seat of Davis' car parked two doors away from his residence in New Orleans. Davis sat behind the wheel and Bell occupied the passenger seat as they listened to loud music coming from the vehicle's radio. When police officers on routine patrol approached the car solely for purposes of asking relators to turn down the music, one of the officers saw through the driver's side window a distinctively wrapped package containing a white powder among cassette tapes on a plastic console placed over the transmission hump of the car. The officers ordered relators out of the car, retrieved the package, and placed both men under arrest for possession of cocaine.
From the evidence presented at trial, the jury could have reasonably found that Bell was aware of the package (and its contents) on the console in Davis' car. It is settled, however, that "[t]he mere presence of someone in the area where the controlled dangerous substance is found, or mere association with the person found to be in possession of the contraband, is insufficient to constitute constructive possession." State v. Walker, 369 So.2d 1345, 1346 (La.1979); State v. Trahan, 425 So.2d 1222 (La.1983); State v. Cann, 319 So.2d 396 (La.1975). The state must prove that the defendant had dominion and control over the contraband in order to establish his constructive possession of it, and each *960 case turns on its particular facts. State v. Trahan, supra.
According to the testimony of the arresting officers, the state had no evidence that Bell exercised any control over Davis' car, that he had any other drugs in his possession on his person, that he appeared under the influence of narcotics, or that he had possession of any drug paraphernalia. It was Davis who lived in the neighborhood two doors away and who responded to the request of the police by turning down the radio. From Bell's mere presence in the car close to the sealed package on the console between the two men, a rational factfinder could not have concluded that, even assuming he was aware of the contents, Bell exercised control and dominion over the package, or that he willfully and knowingly shared with Davis the right to control it. The state's evidence was therefore insufficient to prove that Bell was in constructive possession of the cocaine, or that he had performed any act tending directly toward accomplishing that goal. R.S. 14:27; 40:967.
Accordingly, the conviction and sentence of Andre Davis are affirmed. The conviction and sentence of Alcides Bell for attempted possession of cocaine in violation of La.R.S. 14:27; 40:967 are reversed and he is ordered discharged from further custody on that charge.
CONVICTION AND SENTENCE AFFIRMED AS TO ANDRE DAVIS: CONVICTION AND SENTENCE REVERSED AS TO ALCIDES BELL.