643 So.2d 431 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Edilberto REYNAGA, aka Joe Hernandez and Petra Rodriguez Salinas, Defendants-Appellants.
No. 93-1520.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*432 Keith A. Stutes, Asst. Dist. Atty., for State of Louisiana.
G. Paul Marx, Lafayette, for Edilberto Reynaga, aka Joe Hernandez.
Alfred Frem Boustany, II, Lafayette, for Petra Rodriguez Salinas.
Before DOUCET, SAUNDERS and WOODARD, JJ.
DOUCET, Judge.
Defendants, Edilberto Reynaga and Petra Salinas, were charged by amended bill of information with possession of marijuana with intent to distribute, a violation of La. R.S. 40:966. Both defendants appeared in court with counsel on April 30, 1992, waived formal arraignments, and entered pleas of not guilty to the charges. Trial in this matter began May 3, 1993, and on May 4, 1993, a Motion to Suppress was filed, heard, and denied by the trial court. Thereafter, on *433 May 6, 1993, the jury returned a unanimous verdict of guilty for each defendant. Sentencing was carried out July 19, 1993, with defendant Reynaga being sentenced to twenty-one years at hard labor, defendant Salinas to five years at hard labor, four of which were suspended with Salinas being placed on four years supervised probation.
Both defendants now appeal their convictions and sentences, alleging two assignments of error.

FACTS:
On February 22, 1992, Trooper Beckett Breaux of the Louisiana State Police, stopped a Dodge Ram Charger for exceeding the speed limit. The vehicle was owned by defendant Salinas and was being driven by defendant Reynaga, who did not have a driver's license. Based upon inconsistent stories relayed to him by the passengers, the faint odor of marijuana emanating from inside the vehicle, and the fact that the driver was a Latin male with no driver's license or other identification, Trooper Breaux called the Border Patrol for assistance. Trooper Breaux was given consent to search the vehicle by its owner and thereafter escorted the vehicle to Troop Headquarters to conduct the search. Once at Troop Headquarters, a drug detection dog assisted in the search of the vehicle, which yielded 57 pounds of marijuana.

ASSIGNMENT OF ERROR NO. 1:
By this assignment of error, defendants contend the trial court erred in denying their Motion to Suppress Evidence.
Finding no Motion to Suppress filed by defendant Reynaga in the record, this Court requested a copy of said motion from the trial court. The reply from the Fifteenth Judicial District Clerk's Office assured this court that no Motion to Suppress was filed by Reynaga. A simple objection at trial to the admissibility of evidence (which is in the record) may not serve as a basis upon which to attack a search and seizure as unconstitutional. State v. Brogdon, 426 So.2d 158 (La. 1983), appeal after remand, 457 So.2d 616 (La.1984), certiorari denied, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, rehearing denied, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670. A defendant's failure to file a Motion to Suppress unconstitutionally obtained evidence, absent a showing of surprise or lack of opportunity, operates as a waiver of any claimed violation of constitutional rights against searches and seizures. State v. Hall, 543 So.2d 120 (La.App. 3d Cir.1989).
Reynaga has not filed a Motion to Suppress in accordance with La.C.Cr.P. art. 703. Even if this court were to find that the defendant made an oral Motion to Suppress, Reynaga did not object to the trial court's ruling on his Motion to Suppress, therefore any error cannot be complained of on appeal. La.C.Cr.P. art. 841. Accordingly, the court will address this assignment of error in regard to defendant Salinas only.
Ms. Salinas contends the trial court erred in denying her Motion to Suppress Evidence as there was no probable cause justifying a search of the vehicle. Salinas also contends that it was not until the Border Patrol arrived that she consented to a search of her vehicle, therefore her consent, the product of an unreasonably long detention, was invalid. Ms. Salinas also contends that she has "almost total inability to speak English, casting considerable doubt on whether she said that [she consented to the search] or understood what she was saying."
Trooper Beckett Breaux of the Louisiana State Police was patrolling Interstate 10 in Lafayette Parish when he noticed a Dodge Ram Charger exceeding the speed limit. Trooper Breaux stopped the vehicle and asked the driver to step out of the vehicle. Defendant Reynaga, the driver of the vehicle, identified himself as Joe Hernandez. Trooper Grady Thibodeaux testified in court that Joe Hernandez was one of defendant Reynaga's sixteen aliases. Trooper Breaux identified the driver of the vehicle in court as Edilberto Reynaga. Trooper Breaux also testified that Reynaga told him that he was not in possession of a driver's license, and that he was going from Houston to Florida to pick up a vehicle for his wife who was the owner of the truck and a passenger therein. Trooper Breaux approached the driver's side window to talk to the other two passengers, Petra Salinas and Emma Esparaza. Defendant Salinas said that she owned the truck *434 and only knew defendant Reynaga by his first name, Juan. The truck's registration papers confirmed that Salinas was the owner of the vehicle. Salinas also told Trooper Breaux that Reynaga was not her husband, and that she was driving to Florida from Harlingen, Texas to pick up a vehicle which she owned. While standing at the driver's side window, Trooper Breaux noticed a strong smell of air freshener as well as a faint odor of marijuana. As Trooper Breaux asked the two defendants and Emma Esparaza a few questions, he noticed that all three became nervous and avoided eye contact, and were hesitant in answering his questions.
Trooper Breaux radioed the Border Patrol for assistance as he was alone with three Latin suspects, one being male with no identification. Trooper Breaux testified that this was standard procedure. When the Border Patrol arrived, defendant Salinas told Breaux that she had nothing to hide and that he could search her vehicle. Trooper Breaux stated that while defendant Salinas spoke broken English, she was able to respond to his questions. Breaux then asked the defendants and the Border Patrol to follow him back to Troop Headquarters. Once they arrived at Troop Headquarters, Trooper Jack Uhle and a drug detection dog searched the vehicle. The dog alerted to the presence of narcotics and a subsequent search revealed over fifty pounds of marijuana in the body of the vehicle.
Border Patrol Agents Francisco Lomas and Herna Chorinos confirmed the verbal consent to search was volunteered by defendant Salinas. Agent Lomas testified that he spoke with defendant Salinas in Spanish and explained to her the reason for Trooper Breaux's request to search, and she appeared cooperative, understanding, and ultimately consented to the search. Agent Lomas stated that both defendants understood English. Emma Esparaza, the third passenger in the vehicle, also testified that both Salinas and Reynaga offered to let the officers search the vehicle.
When a search is made with consent, the State must prove the consent was freely and voluntarily given, as shown by the facts and circumstances of the individual case. State v. Valrie, 597 So.2d 1218 (La. App. 3 Cir.1992), writ denied, 605 So.2d 1113 (La.1992). Consent is a recognized exception to the warrant requirement. State v. Bodley, 394 So.2d 584 (La.1981). Under the United States Constitution, the test for the voluntariness to search is the "totality of the circumstances" and courts must examine all the surrounding circumstances to determine whether the consent was indeed voluntary. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Because consent is a question of fact involving the credibility of witnesses, the determination of the trial judge, who had an opportunity to observe and hear the witnesses, is given great weight on review. State v. Yarbrough, 418 So.2d 503 (La.1982). Consent to search given after an illegal arrest or detainment, even where voluntary, "is valid ... only when made under circumstances which show no exploitation of illegality." State v. Zielman, 384 So.2d 359 (La.1980); State v. Dennis, 540 So.2d 550 (La.App. 3 Cir.1989), writ denied, 546 So.2d 171 (La.1989).
In the present case, Trooper Beckett Breaux testified that he did not ask defendant Salinas to search her vehicle, but rather, defendant Salinas voluntarily consented by telling him that "they had nothing to hide and that if I wanted, I could search the vehicle." This consent was given twenty to thirty minutes after the initial stop according to Trooper Breaux. Border Patrol Agent Francisco Lomas stated that he heard Trooper Breaux ask defendant Salinas if she would mind if he searched the vehicle. Agent Lomas then heard defendant Salinas consent to a search. Apparently Trooper Breaux wanted defendant Salinas to verify, in the presence of Agent Lomas, the consent to search that she had given earlier. Emma Esparaza, the third passenger in the vehicle, also testified that defendant Salinas offered to let Trooper Breaux search the vehicle.
Salinas claims that she did not answer Trooper Breaux in English. She further argues, in brief, that because she speaks very little English, there remains a question as to whether she actually consented to the search. Trooper Breaux testified that Salinas spoke broken English but did understand and respond *435 to his questions. Agent Lomas testified that after speaking to Salinas in Spanish and English, he felt she understood English. Further, the record reveals that the thirty-nine year old Salinas has been in the United States since she was fourteen years old.
We find that Salinas knowingly consented to the search of her vehicle. If, in arguendo, consent was not given, we find probable cause to search the vehicle was established when Trooper Breaux, who lawfully stopped Salinas's vehicle for speeding, detected the faint odor of marijuana as he spoke to the passengers. In Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), the United States Supreme Court suggested that the distinctive odor of a substance, perceived by an individual qualified to know the odor, might well be evidence of a persuasive character in determining probable cause for a search. See also State v. Garcia, 519 So.2d 788 (La.App. 1 Cir.1978), writ denied, 530 So.2d 85 (La.1988). It is well established however, that a valid consent search constitutes one well-recognized exception to the requirement of a valid search warrant and also to the requirement of probable cause. Schneckloth v. Bustamonte, supra; State v. Angel, 356 So.2d 986 (La.1978); State v. Dorociak, 493 So.2d 173 (La.App. 3 Cir.1986). Although Salinas did not consent to the search until twenty to thirty minutes after the initial stop, we find that that delay was not unreasonable given the facts that the driver, Reynaga, was apprehended for exceeding the speed limit, did not have a driver's license or other identification, and there were conflicting stories given by the defendants. Add to the preceding facts the smell of marijuana emanating from the vehicle, we find there was more than sufficient reason to detain the defendants for twenty to thirty minutes for questioning. After the consent to search was given, 57 pounds of marijuana were recovered and the defendants were placed under arrest.
For the foregoing reasons, we find the trial court did not err in denying defendant's Motion to Suppress. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2:
By this assignment of error, defendants contend the evidence was insufficient to prove guilt beyond a reasonable doubt.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
The defendants were found guilty of possession of marijuana with intent to distribute, a violation of La.R.S. 40:966. Therefore, the State was required to prove two essential elements: possession of marijuana, and the intent to distribute it. The State's burden in the present case was to show that the defendants had a direct right and ability to exercise control over the illegal substance and that the circumstances surrounding the possession give rise to a reasonable inference of an intent to distribute. State v. Newberry, 560 So.2d 121 (La.App. 3 Cir.1990).
Defendants contend that under State v. Bell, 566 So.2d 959 (La.1990), the State must show more than mere presence near the drugs to establish possession. Both defendants contend that without a showing of dominion, control, or joint possession, the jury should not convict. See State v. Trahan, 425 So.2d 1222 (La.1983). Defendant Reynaga also contends there was no evidence indicating *436 knowledge on his part as the contraband could not be seen until the vehicle was taken apart.
The defendants are correct in their assertion that the mere presence of a defendant in an area where narcotics are discovered is insufficient to support a finding of possession. State v. Bell, supra. What must be shown is that each defendant had a direct right and ability to exercise control. State v. Segura, 546 So.2d 1347 (La.App. 3 Cir.1989). The prosecutor does not need to show that a defendant was in actual possession of the illegal substance in order to convict; proof of constructive possession is sufficient. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Norman, 434 So.2d 1291 (La.App. 3 Cir.1983). In order to convict a person on the basis of constructive possession, something more than mere presence in the area where the drug is found or mere association with the person in actual custody of the drug must be shown. State v. Alford, 323 So.2d 788 (La.1975). A person may be in constructive possession of an illegal substance, even though not in physical possession, if it is subject to his dominion and control. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Viator, 495 So.2d 1341 (La.App. 3 Cir.1986). A person may be deemed to be in joint possession of a drug which is in the physical custody of a companion if he willingly and knowingly shares with the other the right to control it. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971). Besides showing that a defendant had a direct right and ability to exercise control, the prosecutor must show guilty knowledge. State v. Trahan, 425 So.2d 1222 (La.1983). Several factors to be considered in determining whether a defendant exercised "dominion and control" over narcotics in order to constitute constructive possession are as follows:
"... a defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the area was frequented by drug users."
State v. Tasker, 448 So.2d 1311, 1314 (La. App. 1 Cir.), writ denied, 450 So.2d 644 (La. 1984); citing Bujol v. Cain, 713 F.2d 112 (5th Cir.1983).
In State v. Hall, 524 So.2d 179 (La.App. 4 Cir.), writ denied, 531 So.2d 264 (La.1988), the court found the defendant guilty of attempted possession of PCP. The defendant was a passenger in a vehicle stopped for driving without illuminated lights. The distinct odor of PCP was present inside the vehicle. A marijuana cigarette, later determined to contain PCP, was observed on the passenger side of the front seat. The driver received a suspended sentence and testified at defendant's trial, asserting that the PCP cigarette belonged to the defendant. The court held that the evidence was sufficient to find the defendant guilty as the distinct odor of PCP was detected in the car and the PCP marijuana cigarette was found where the defendant was sitting. Furthermore, the arresting officer testified that the defendant was under the influence of drugs or alcohol. The court also noted that the jury obviously believed the testimony of the driver.
In State v. Williams, 546 So.2d 963 (La. App. 3 Cir.1989), this court concluded that the evidence was insufficient to prove that a defendant had joint, constructive possession of cocaine found in a codefendant's sock; nor did the evidence show that he had knowledge the cocaine was in his codefendant's sock.
In State v. Smith, 245 So.2d 327 (La.1971), the Louisiana Supreme Court held that the defendant had constructive possession of heroin found on his wife as the evidence revealed that the defendant participated in his wife's obtaining possession and control of the drug.
In the present case, defendant Reynaga contends he had no knowledge of the marijuana in defendant Salinas's vehicle and that the contraband could not be seen until the vehicle was taken apart. Reynaga also contends that Salinas left for an unknown destination for two to three days prior to leaving for Florida. Reynaga argues that other than his presence in the vehicle in *437 which the narcotics were found, there is no evidence tending to show guilty knowledge on his part.
However, we find that a reasonable trier of fact could find sufficient facts which show that defendant Reynaga had knowledge of the marijuana hidden in the body of the vehicle which he was driving.
Reynaga was driving in excess of the speed limit when stopped; he identified himself as Joe Hernandez (one of sixteen aliases); and he lied when he told Trooper Breaux that one of the passengers, the owner of the truck, was his wife. Trooper Breaux detected the faint odor of marijuana while standing at the driver's side window. Three or four air fresheners were inside the vehicle, presumably to mask the smell of the marijuana. Defendant Salinas testified that she did not put them in the truck. Reynaga appeared nervous and avoided eye contact when talking with Trooper Breaux. Salinas testified that Reynaga and his girlfriend were living with her and that Reynaga had use of the truck for three days before the three left for Florida.
Reynaga contends there was no evidence presented at trial that indicated he had knowledge of the contraband hidden in the vehicle other than the testimony of Salinas. Whether the codefendant's testimony was or was not credible is not within the province of this court to decide. State v. Richardson, supra. Evaluations of credibility are well within the province of the jury as trier of fact. State v. Shepherd, 332 So.2d 228 (La. 1976).
For the foregoing reasons, we find that the evidence, when viewed in a light most favorable to the prosecution, was sufficient for a trier of fact to find defendant Reynaga guilty beyond a reasonable doubt.
Defendant Salinas also contends that the State did not prove beyond a reasonable doubt that she had knowledge that the marijuana was in the vehicle, that she had dominion and control over it, and that she intended to distribute it.
Defendant Salinas argues that no witness testified that they smelled marijuana in the "interior" of the vehicle. Trooper Breaux, however, testified that he smelled an "air-freshening odor coming from inside the vehicle, and a faint odor of marijuana." Salinas also argues that Border Patrol Agent Lomas testified he did not smell marijuana. On redirect, Agent Lomas stated he was not trained in detecting marijuana. Defendant Salinas points out that she had a legitimate reason for her trip to Florida. She also points out that the marijuana could not be observed except when the taillight was removed and that no fingerprints were recovered from the marijuana packages.
The record reveals that the vehicle containing the 57 pounds of marijuana was registered to Salinas. Three or four air fresheners were inside the vehicle, presumably to mask the smell of marijuana. Reynaga, who had no driver's license, was driving the vehicle. Defendant Salinas knew of defendant Reynaga's illegal status. Trooper Thibodeaux testified that the way in which the vehicle was constructed was consistent with a marijuana smuggling vehicle. Trooper Thibodeaux also testified that 57 pounds of marijuana is "entirely too much for personal use...."
For the foregoing reasons, this court finds that the evidence against defendant Salinas, when viewed in a light most favorable to the prosecution, was likewise sufficient to support the jury's verdict that she was guilty beyond a reasonable doubt.
For the foregoing reasons, this assignment of error lacks merit.

ERRORS PATENT:
La.C.Cr.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, all appeals are reviewed for errors patent on the face of the record. After a review of the record, we *438 find the trial court erred in failing to give the defendants credit for time served.
La.C.Cr.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, we amend the sentence to reflect that the defendants are given credit for time served prior to the execution of the sentence. See La. C.Cr.P. art. 882A. Resentencing is not required, however, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that the defendants are given credit for time served. State v. Jones, 607 So.2d 828 (La.App. 1st Cir.1992), writ denied, 612 So.2d 79 (La.1993).
Accordingly, the defendants' convictions and sentences are affirmed. We remand this case and order the district court to amend the commitment and minute entry of the sentences to reflect that the defendants are given credit for time served. State v. Jones, supra.
CONVICTIONS AFFIRMED; SENTENCES AMENDED AND AFFIRMED; AND REMANDED WITH INSTRUCTIONS.