752 So.2d 293 (2000)
STATE of Louisiana
v.
Nelson D. THOMPSON.
No. 98-KA-0988.
Court of Appeal of Louisiana, Fourth Circuit.
January 26, 2000.
*294 Harry F. Connick, District Attorney of Orleans Parish, Joseph E. Lucore, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for State-Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant-Appellant.
Court composed of Judge WILLIAM H. BYRNES, III, Judge MOON LANDRIEU, Judge DENNIS R. BAGNERIS, Sr.
BYRNES, Judge.
By bill of information dated July 17, 1996, defendant Nelson D. Thompson was charged with possession of cocaine with the intent to distribute, to which he pleaded "not guilty." The trial court denied his motion to suppress the evidence, and he was tried on April 24, 1997, by a twelvemember jury that found him guilty as charged. On July 9, 1997, the trial court sentenced Thompson to thirteen years at hard labor, and the State filed a multiple bill. At the August 28, 1997 hearing on the multiple bill, the trial court pronounced Thompson a third-felony offender. The trial court vacated the previous sentence *295 and resentenced defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

STATEMENT OF FACTS:
On the afternoon of May 16, 1996, police conducted surveillance of 1212-14 Clara Street, which was an apartment complex. Sergeant Stephen Gaudet testified that he initiated a narcotics surveillance of that location based on information that he had received. He saw Thompson and a woman sitting on chairs in the rear yard of 1212 Clara. Sergeant Gaudet further testified that he saw a man walk up to Thompson and hand him currency, which Thompson put in his pocket. Sergeant Gaudet said that Thompson then got up and walked over to the fence behind him, where he picked up a clear plastic bag containing an off-white substance and removed something from the bag. Thompson returned the bag to the ground and walked back to the other man, giving him the object removed from the bag. Sergeant Gaudet then instructed Officers Bryan Lampard and Jake Schnapp to detain Thompson.
Officer Lampard testified that he retrieved the bag, which contained 98 pieces of what was later identified as crack cocaine; Officer Schnapp recovered $45 in currency and $20 in food stamp coupons from Thompson. Both officers testified that Thompson admitted to selling the drugs for someone named "Corey."
Wanda Ball testified that she was sitting with Thompson in the backyard when he was arrested. She further testified that one of the policemen searched around in the backyard for about a half hour before he came from there with something balled up in his hand. She also stated that she did not see Thompson sell anything. Emelda Tyler testified that she was sitting in her yard at 1214 Clara and that there were several other people out there who were waiting for beer. She stated that all of a sudden the police arrived and arrested Thompson. She further stated that she did not see Thompson selling drugs. Kenneth Wallace testified that he was sitting in the back door of Ms. Tyler's apartment and that there were several people, including Thompson, sitting in the back yard drinking beer. He also denied seeing Thompson selling drugs. He also testified that he saw the police arrest Thompson and that he saw them searching along the fence. He stated that one of the officers came out with something in his hand.

ERRORS PATENT:
A review of the record shows one error patent, namely that the trial court granted Thompson's motion for appeal prior to imposition of the original sentence. This action violated La.C.Cr.P. art. 914(B)(1), which provides that a motion for appeal must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. In other words, the motion for appeal was granted prematurely. However, after the original sentencing hearing on July 9, the trial court referred back to the previously-filed motion for appeal and appointed new counsel for Thompson. Although a defendant can take an appeal only from a conviction and sentence, this court has held that an appeal taken prior to sentencing will not be dismissed "because `[d]ismissing the appeal would simply result in a delay of the appellate process and hinder defendant's right to appeal.'" State v. Warren, 538 So.2d 1036, 1037 (La.App. 4 Cir.1989) (quoting State v. Martin, 483 So.2d 1223, 1225 (La.App. 4 Cir.1986)). Thus, the error is harmless. The record contains no other errors patent.

RIGHT TO CONFRONT ACCUSORS:
By his first assignment of error, Thompson complains that the trial court improperly denied him the right to confront his accuser by refusing to order that the confidential informant be produced at the hearing on the motion to suppress the evidence and by allowing hearsay testimony regarding the informant at trial.
*296 Turning first to Thompson's claim that the informant should have been ordered to appear at the hearing on the motion to suppress the evidence, a review of the transcript from the hearing on the motion shows that Officer Lampard testified that Sergeant Gaudet[1] observed the confidential informant go to 1212 Clara and give Thompson $20 bill that had been previously photocopied in exchange for one piece of crack cocaine. During cross-examination, defense counsel asked Officer Lampard for the name of the informant. When the State objected, the trial court stated that the issue was not before the court, but that defense counsel could make the appropriate motion so that it could be dealt with at another time. A review of the record shows that no motions seeking the identity of informant were ever filed.
Defense counsel again raised the issue of the name of the informant at trial, during the cross-examination of Sergeant Gaudet. Sergeant Gaudet did not testify during direct examination that the informant was the person he had seen buying the crack cocaine from Thompson; rather, he simply described the person as a black male who gave currency to Thompson, without indicating that he knew the person. During cross-examination, Sergeant Gaudet was asked if he knew the name of the person who bought the cocaine. After the State's objection was overruled, Sergeant Gaudet said that he did. Sergeant Gaudet was then asked if he knew this person's address, and Sergeant Gaudet said that he did not.
Because Thompson failed to make a formal request for the identity of the confidential informant prior to trial, the trial court did not determine whether the informant's identity should be withheld from Thompson; thus, no trial court ruling exists for this court to review. See State v. Wolfe, 630 So.2d 872 (La.App. 4th Cir. 1993), writ denied, 94-0448 (La.10/28/94), 644 So.2d 648. Moreover, Sergeant Gaudet did not testify that the person he saw buying cocaine from Thompson was the person who provided information concerning drug activity at 1212 Clara. Thus, we find no error in the trial court's failure to order the appearance of the informant at the hearing on the motion to suppress the evidence.
Thompson also makes one other argument on this issue, namely that the trial court improperly allowed the State to use hearsay evidence concerning the informant's tip. However, a review of the trial transcript shows that Sergeant Gaudet referred only to "information" concerning a suspected drug deal, when he was asked why he initiated surveillance at 1212 Clara. Thompson then objected when Sergeant Gaudet answered in the affirmative after being asked whether he had been given a description of the suspect. After the trial court overruled the objection, Sergeant Gaudet responded that he had been given a first name and that he had been given a description. He further testified that he was able to confirm the information given to him.
In State v. Hawkins, 96-0766, pp. 4-5 (La.1/14/97), 688 So.2d 473, 477, the Supreme Court stated:
Under La.Code Evid. Art. 801, hearsay is defined as a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted therein. The content of an informant's tip may not be used at trial by a law enforcement officer because the testimony violates the accused's right to confront and cross-examine his accusers. State v. Hearold, 603 So.2d 731 (La.1992).
Under certain circumstances, the testimony of a police officer may encompass information provided by another *297 individual without constituting hearsay if offered to explain the course of police investigation and the steps leading to the Thompson's arrest. State v. Smith, 400 So.2d 587 (La.1981); State v. Calloway, 324 So.2d 801 (La.1975); State v. Monk, 315 So.2d 727 (La.1975). However, the fact that an officer acted on information obtained from an informant may be relevant to explain his conduct, but it may not be used as a passkey to bring before the jury the substance of the out-of-court information that would otherwise be barred by the hearsay rule. State v. Wille, 559 So.2d 1321 (La.1990); Hearold, suprai.
It appears that Sergeant Gaudet went beyond simply explaining that he had received a tip concerning illegal activity at 1212 Clara, which led him to place that site under surveillance, when he stated that had he confirmed the first name and description given to him. Although he did not go into detail concerning the information he had received by telling the jury the name and description, the jury could nevertheless have been inferred that Thompson was the person whose first name and description were confirmed by Sergeant Gaudet.
Although the trial court erred in allowing Sergeant Gaudet to testify as to hearsay, the error appears to be harmless. In State v. Wille, 559 So.2d 1321 (La.1990), the Supreme Court stated that confrontation errors were subject to a harmless error analysis. Id. at 1332. The court further stated that the factors to be considered in determining if the error was harmless beyond a reasonable doubt include the following: (1) the importance of the witness' testimony in the prosecution's case; (2) the presence or absence of evidence corroborating or contradicting the witness' testimony on material points; (3) the extent of cross-examination permitted; and (4) the overall strength of the prosecution's case. Id. The State's case against Thompson was based not on the testimony concerning the information received from the confidential informant, but on Sergeant Gaudet's testimony that he personally saw Thompson sell crack cocaine, as well as Thompson's own statement to the arresting officers that he was selling the cocaine for "Corey." Accordingly, we find no merit in this assignment of error.

MULTIPLE OFFENDER FINDING:
By his second assignment of error, Thompson complains that the trial court erred in adjudging him a third-felony offender because the State failed to show the knowing and voluntary nature of the guilty pleas from the predicate convictions. A review of the record shows that no written response was made to the multiple bill as required by La. R.S. 15:529.1, subd. D(1)(b), and that the only oral objection made by defense counsel at the hearing was that the documents introduced into evidence by the State were not the "best evidence" of their contents. Accordingly, Thompson failed to preserve the issue for appellate review. State v. Cossee, 95-2218 (La.App. 4 Cir. 7/24/96), 678 So.2d 72.

EXCESSIVE SENTENCE:
In his third assignment of error, Thompson complains that the trial court improperly imposed an excessive sentence because it failed to articulate any basis for imposing a sentence of life imprisonment. A review of the record shows that Thompson failed to file a written motion for reconsideration of sentence as required by La.C.Cr.P. art. 881.1; however, Thompson orally objected to the sentence at the conclusion of the sentencing hearing. Therefore, Thompson is limited to having this court review the bare claim of excessiveness of the sentence. State v. Mims, 619 So.2d 1059 (La.1993).
The trial court sentenced Thompson to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence after finding him to be a third felony offender. La. R.S. 15:529.1 subd. A(2)(b)(ii) provides:

*298 If the third felony or either of the two prior felonies is a felony described as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Because Thompson's third felony conviction was for possession of cocaine with the intent to distribute, a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years, the life sentence was mandatory. However, a sentence within the statutory limits may still violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992); State v. Telsee, 425 So.2d 1251 (La.1983).
The minimum sentences imposed on multiple offenders by the Habitual Offender Law are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. Thus, the defendant bears the burden of rebutting the presumption that the mandatory minimum sentence is constitutional. State v. Short, 96-2780 (La.App. 4 Cir. 11/18/98), 725 So.2d 23, writ denied, 99-0198 (La.5/14/99), 745 So.2d 11. A court may only depart from the minimum sentence if it finds clear and convincing evidence to rebut the presumption of constitutionality. Johnson, 97-1906 at p. 7, 709 So.2d at 676.
In the present case, Thompson has not presented clear and convincing evidence to rebut the presumption that the mandatory life sentence under La. R.S. 15:529.1, subd. A(2)(b)(ii) is constitutional. Therefore, the sentence imposed by the trial court is not excessive. This assignment of error is also without merit.
Because his assignments of error are without merit and because the one error patent was harmless, we affirm Thompson's conviction and sentence.
AFFIRMED.
NOTES
[1] The transcript of the hearing on the motion spells the sergeant's name "Gaudin," not Gaudet, as it is spelled in the trial transcript. For the sake of clarity, the sergeant will be referred to as Gaudet.